IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO VELEZ, Jr.,<br><br>            Petitioner,<br><br>vs.<br><br>ANTHONY J. ANNUCCI, Acting Comissioner, New York Department of Corrections and Community Supervision,[1]<br><br>            Respondent. | No. 9:10-cv-1485-JKS<br><br>MEMORANDUM DECISION |

Antonio Velez, Jr., a New York state prisoner proceeding *pro se*, filed a Petition for Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. At the time he filed his Petition, Velez was in the custody of the New York State Department of Corrections and Community Supervision and incarcerated at the Coxsackie Correctional Facility. The Department of Corrections and Community Supervision's inmate locator website (http://nysdoccslookup.doccs.ny.gov/, Department ID Number 06-R-1177) indicates that Velez has been released on supervised parole from his last known location. Velez has not filed a change of address with this Court. Respondent has answered the Petition, and Velez has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

Velez is in state custody as a result of two separate convictions. On May 21, 1991, Velez was convicted of first-degree robbery and sentenced to an indeterminate prison term of 7 to 21 years. *See* http://nysdoccslookup.doccs.ny.gov/, Department ID Number 91-A-5427). On

---

[1] Because Velez has been released but is on post-release supervision, Anthony J. Annucci, Acting Commissioner, New York Department of Corrections and Community Supervision, is substituted for D. Martuscello, Superintendent, Coxsackie Correctional Facility. FED. R. CIV. P. 25(c).

January 28, 2003, Velez was conditionally released to parole supervision. *Id.* As of that date, Velez no longer owed time toward his minimum sentence term but still owed 5 years, 11 months, and 15 days toward his maximum sentence expiration date.

Velez's parole was subsequently revoked for violating the terms of his conditional release after he was arrested in March 2004 for a robbery offense. After pleading guilty to attempted third-degree robbery, Velez was sentenced as a second felony offender to an imprisonment term of 1½ to 3 years on March 6, 2006. The sentencing court did not specify whether the 2006 sentence was to run consecutively with Velez's undischarged 1991 sentence but stated that Velez was "remanded to the custody of the New York State Department of Correctional Services [("DOCS"[2])], there to be dealt with in accordance with the laws pertaining to this sentence." Velez did not appeal the conviction underlying his 2006 sentence.

When Velez was returned to state custody on April 6, 2006, DOCS calculated the maximum expiration date of his sentence (also known as his conditional release date) by adding the maximum 3-year term of his 2006 sentence with the maximum sentence time of 5 years, 11 months and 15 days owed from his prior 1991 sentence. *See* N.Y. PENAL LAW ("NYPL") § 70.25(2-a) ("the court must impose a [subsequent] sentence to run consecutively with respect to [an] undischarged sentence").

On December 9, 2008, Velez filed a *pro se* petition under New York Civil Practice Law and Rules ("CPLR") Article 78 ("Article 78 petition"), challenging the DOCS's sentence computation. He argued that, although NYPL § 70.25(2-a) mandated that his sentences run

---

[2] DOCS later merged with the Division of Parole to become the New York State Department of Corrections and Community Supervision.

consecutively, DOCS had no authority to calculate the sentences consecutively because the court did not expressly pronounce a consecutive sentence. The county court dismissed Velez's petition on April 22, 2009, concluding that Velez failed to state a cause of action in light of the New York Court of Appeals' decision in *People ex rel. Gill v. Greene*, 903 N.E.2d 1146 (N.Y. 2009), which held that, where a court is silent as to whether its sentence is consecutive or concurrent but is required by statute to impose a consecutive sentence, the court is deemed to have imposed the consecutive sentence the law requires.

Velez appealed the dismissal to the Appellate Division, which unanimously affirmed. Citing *Gill*, the appellate court stated, "Where, as here, a statute compels the sentencing court to impose a consecutive sentence, the court is deemed to have imposed the consecutive sentence the law requires even in the absence of an express judicial directive to that effect." The Court of Appeals summarily denied Velez's application for leave to appeal.

Velez filed a Petition for a Writ of Habeas Corpus to this Court on December 4, 2010.

## II. GROUNDS RAISED

Velez's Petition asserts one ground for relief: that the DOCS violated his due process rights when, after the Court of Appeals' decision in *Gill*, it altered Velez's sentence to run consecutively, rather than concurrently, to the undischarged portion of his 1996 sentence.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable

3

determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Velez has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the

judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *United States ex rel. Catalano v. Shaughnessy*, 197 F.2d 65, 66-67 (2d Cir. 1952) (per curiam).

## IV. DISCUSSION

A. Timeliness

Respondent argues that the Petition should be dismissed as time-barred. Velez was sentenced on March 6, 2006. Because he did not appeal his conviction, his sentence became final 30 days later. *See Walker v. Perlman*, 556 F. Supp. 2d 259, 268 (S.D.N.Y. 2008).

28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Velez therefore had one year from the date that his conviction became final to timely file in federal court a petition for a writ of habeas corpus. He did not file this Petition until December 4, 2010, over three years later.

Velez argues that his Petition is timely under 28 U.S.C. § 2244(d)(1)(D), which allows a petitioner to file within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Velez asserts that he was not informed that his subsequent sentence was imposed consecutively to the undischarged portion of his prior sentence until around August 19, 2008, when he received an amended sentence computation sheet reflecting a later conditional release date. Velez filed his Article 78 motion roughly four months later.

Respondent contends that § 2244(d)(1)(D) does not save Velez's claim because Velez should have been aware of the factual predicate of his claim at least as early as March 2006 when the sentencing court stated that Velez was "remanded to the custody of the New York State Department of Correctional Services, there to be dealt with in accordance with the laws pertaining to this sentence." However, given Velez's *pro se* status and the fact that his petition must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), this Court will address the merits of the claim as discussed below.

B. Merits

Velez is not entitled to relief because his claims are outside the purview of this Court on habeas review. The essence of Velez's argument is that the state court's interpretation of New York sentencing law in upholding the DOCS sentence calculation is incorrect, but this Court is bound by the state court's interpretation of New York state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process. *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002). The state court's determination that DOCS correctly calculated Velez's sentence is both

reasonable and not contrary to federal law. *See Johnson v. New York*, 851 F. Supp. 2d 713, 722-23 (S.D.N.Y. 2012) (DOCS's calculation of sentences as running concurrently rather than consecutively pursuant to NYPL § 70.25(2-a) does not contravene federal law or violate defendant's constitutional rights). Accordingly, Velez cannot prevail on the merits of his claim.

Though his Petition states only one ground for relief, Velez's memorandum in support of his Petition raises as an additional question presented in this case: "Did the plea entered into by [Velez] rest on an inducement requiring a requirement of a specific performance of the plea?" Liberally construing Velez's *pro se* Petition, this Court may interpret this statement as an additional claim that his 2006 guilty plea was made involuntarily because he was not aware that the sentence would run consecutively to any undischarged portion of the 1991 sentence. The record before this Court does not indicate whether Velez was informed about the operation of his sentences at the time he entered his plea. Velez has not raised such claim to the state courts in any motion or proceeding; consequently, this claim is unexhausted.[3] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (to be deemed exhausted and ripe for federal habeas review, a claim must have been presented to the highest state court that may consider the issue presented). Velez is not procedurally barred from asserting an involuntary plea claim because there is no time limit on filing a motion to vacate a judgment pursuant to CPLR § 440.10. *See* § 440.10(1)(b) ("At any time after the entry of a judgment, the court in which it was entered may, upon motion of the

---

[3] The record does not indicate whether Velez waived through the plea agreement his right to appeal the underlying conviction. Even if he did, an involuntary plea claim survives a valid waiver. *See United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir 2001) (per curiam) (declining to enforce waiver of appellate rights where defendant challenged on appeal the constitutionality of the process by which appeal rights were waived).

defendant, vacate such judgment upon the ground that [t]he judgment was procured by duress, misrepresentation or fraud . . . . ").

This Court could stay the Petition and allow Velez to return to state court to satisfy the exhaustion requirement as to this unexhausted claim. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001). However, the Supreme Court has held that it is an abuse of discretion to stay a petition pending exhaustion where: 1) the petitioner has not shown good cause for failing to exhaust all available state court remedies; and 2) the unexhausted claim is "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

The New York Court of Appeals has held that the consecutive nature of § 70.25(2-a) is a collateral rather than direct consequence of a guilty plea for purposes of determining the adequacy of the plea. *People v. Belliard*, 985 N.E.2d 415, 416 (N.Y. 2013). To obtain a valid plea under New York law, a sentencing court is therefore not required to inform a defendant that § 70.25(2-a) requires that the subsequent sentence will run consecutive to any prior undischarged sentence. *Id.* at 420. Accordingly, Velez could not prevail on this claim under New York law. The New York Court of Appeal's holding does not contravene or unreasonably apply federal law. The Second Circuit has recognized that "[t]he Supreme Court has not defined which consequences of a guilty plea are 'direct' and therefore must be disclosed to the defendant, and which consequences are collateral and need not be conveyed to the defendant." *Wilson v. McGinnis*, 413 F.3d 196, 199 (2d Cir. 2005). No Supreme Court case addresses whether, for a plea to be voluntary, the defendant must be informed that the promised sentence of the plea bargain will run consecutive to any undischarged portion of a prior sentence. *See Davis v. New*

*York*, No. 10-cv-615, 2013 WL 789194, at *5 (E.D.N.Y. Mar. 4, 2013). Velez therefore could not prevail on an involuntary plea claim in any event.

Construed liberally, Velez's Petition may also raise a double jeopardy claim. The Double Jeopardy Clause of the Constitution provides that no person shall "be subject for the same offen[s]e to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The clause is enforced against the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). "Because the Double Jeopardy Clause protects the finality of criminal judgments, it prohibits alterations to sentences carrying a legitimate expectation of finality." *United States v. Kyles*, 601 F.3d 78, 83-84 (2d Cir. 2010) (internal citations omitted). Double jeopardy does not bar modification "[i]f, however, there is some circumstance which undermines the legitimacy of that expectation." *Id.* at 84 (internal parentheses and quotation marks omitted). Because New York law required the imposition of consecutive sentences, Velez could not have developed a legitimate expectation of finality as to concurrently-imposed sentences because a defendant cannot have an expectation of finality in an illegal sentence. *See Williams v. Travis*, 143 F.3d 98, 99 (2d Cir. 1998); *see also Bozza v. United States*, 330 U.S. 160, 166-67 (1947) (resentencing imposed as a result of a valid statute does not place defendant in double jeopardy). Velez could not prevail on a double jeopardy claim for the additional reason that the sentence imposed did not lengthen or enhance his original sentence. *See Johnson*, 851 F. Supp.2d at 723-24 (S.D.N.Y. 2012) (imposition of consecutive terms pursuant to § 70.25(2-a) "imposed the *same* sentence that, under New York law, . . . was deemed to have [been] imposed at his original sentencing").

Accordingly, Velez would not be entitled to federal habeas relief even if the Court were to stay and abey the matter to allow him to pursue an involuntary plea or Double Jeopardy claim.

V. CONCLUSION

Velez is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); Second Circuit R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: January 28, 2014.

                                            /s/ James K. Singleton, Jr.
                                            JAMES K. SINGLETON, JR.
                                            United States District Judge